Luis A. Carrillo, SBN 70398
LAW OFFICES OF LUIS A. CARRILLO
1525 Fair Oaks Avenue
South Pasadena, CA 91030
P: (626) 799-9375
F: (626) 799-9380
e-mail: lac4justice@yahoo.com

Attorney for Defendant
JUAN BANALES VENEGAS

# UNITED STATES DISTRICT COURT

## FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | CASE No.: CR 10-600-R |
| Plaintiff, | |
| v. | **DEFENDANT'S RULE 33 MOTION FOR NEW TRIAL;** |
| JUAN BANALES VENEGAS, | **MEMORANDUM OF POINTS AND AUTHORITIES** |
| Defendant. | |

COMES NOW Defendant, JUAN BANALES VENEGAS, and hereby submits the following Rule 33 Motion for New Trial.

DATED: November 24, 2010           _____/s/_____

                                                           LUIS A. CARRILLO
                                                           Attorney for Defendant
                                                           JUAN BANALES VENEGAS

1

The Defendant JUAN BANALES VENEGAS, through counsel, respectfully moves for a new trial in the interest of justice, pursuant to Rule 33 of the Federal Rules of Criminal Procedure. In support of the motion, Defendant asserts the following grounds:

1. The Court erred by allowing evidence of other "bad acts" and alleged criminal conduct when the Court permitted the government witness, Miriam Estrada, to testify about alleged "straw buyers" in <u>unrelated</u> transactions which were <u>not charged</u> in the Indictment, and when the government **never gave notice** that the government intended to introduce evidence about defendant's alleged involvement with a "straw buyer" named Rodolfo Gonzalez that Miriam Estrada testified to.

2. The Court erred by allowing evidence of other "bad acts" and alleged criminal conduct when the Court permitted the government witness, Rocio Partida, to testify about other alleged fraudulent purchases of real property by defendant, the Erica property and the 807 "A" property, in <u>unrelated</u> transactions which were <u>not charged</u> in the Indictment, and when the government **never gave notice** that the government intended to introduce evidence about other alleged fraudulent purchases of real property by defendant, the Erica property and the 807 "A" property.

3. The Court erred by granting the government's motions in limine number one through number 10, and granting motion in limine number 11.

4. The Court erred by granting the government' motion in limine number nine which prevented defendant from introducing exculpatory evidence of other victims involving purchases of real property from the co-defendants.

2

DEFENDANT'S RULE 33 MOTION FOR NEW TRIAL;
MEMORANDUM OF POINTS AND AUTHORITIES.

5. The Court erred by permitting, over defense objection, the introduction of evidence of City of Oxnard Municipal Code Citations given to defendant <u>after</u> the date of the alleged offenses in this case.

6. The Court erred by permitting, over defense objection, evidence that the Cedar home purchased by defendant lacked running water and had illegal electrical and toilet hook ups.

7. The Court erred by permitting, over defense objection, the jury to hear an audiotape of a small claims court proceeding of the year 2009, two years <u>after</u> the date of the alleged offenses in this case.

8. The Court erred in permitting the government to question the witnesses in a leading manner that assisted the testimony of the government witnesses in the government's favor.

9. The Court erred in not permitting expert evidence of defendant's "severe deficiencies" in English.

10. The Court erred in not permitting the jury to have a copy of the Jury Instructions in the jury room during deliberations which caused confusion to the jurors.

11. The Court erred in not permitting counsel for defendant to ask questions of the government witnesses of e-mails that memorialized the phone calls of defendant to the government investigators, and the Court erred when the Court did not permit introduction into evidence of one of the e-mails.

Dated: November 24, 2010

LUIS A. CARRILLO

_____/s/_____

Attorney for Defendant

JUAN BANALES VENEGAS

3

DEFENDANT'S RULE 33 MOTION FOR NEW TRIAL;
MEMORANDUM OF POINTS AND AUTHORITIES.

# MEMORANDUM OF POINTS AND AUTHORITIES

## I.

**THIS COURT SHOULD GRANT A NEW TRIAL IN THE INTEREST OF JUSTICE TO CORRECT THE COURT'S RULINGS OF THE ADMISSION OF OTHER "BAD ACTS" (WITHOUT THE GOVERNMENT GIVING PRIOR NOTICE) IN VIOLATION OF FEDERAL RULE OF EVIDENCE 404(b) AND IN VIOLATION OF THE DEFENDANT'S 5th AMENDMENT RIGHT OF DUE PROCESS AND A FAIR TRIAL.**

**A. The Court erred when it permitted evidence of other alleged criminal conduct of defendant when the Court permitted the government witness, Miriam Estrada, to testify about alleged "straw buyers" in <u>unrelated</u> transactions which were <u>not charged</u> in the Indictment. And the Court erred when it permitted the government witness, Rocio Partida, to testify about other alleged fraudulent purchases of real property by defendant, the Erica property and the 807 "A" property, in <u>unrelated</u> transactions which were <u>not charged</u> in the Indictment**

The Government did <u>not give prior notice</u> pursuant to <u>Federal Rule of Evidence Section 404(b)</u> that the government intended to introduce evidence about defendant's alleged involvement with a "straw buyer" named Rodolfo Gonzalez; or that the government witness, Rocio Partida, was intending to testify about other alleged fraudulent purchases of real property by defendant, the Erica property and the 807 "A" property, in <u>unrelated</u> transactions which were <u>not charged</u> in the Indictment.

Defendant faced additional "bad acts" evidence that deprived defendant of due process and a fair trial. In <u>United States v. Brown</u>, 880 F.2d 1012, 1014 (9th Cir. 1989), the Court stated: "[T]he rule is designed to avoid a danger that the jury will punish the defendant for offenses other than the offense charged, or at least will convict when unsure of guilty, because it is convinced the defendant is a bad man deserving of punishment."

The case of <u>United States v. Bailleaux</u>, 685 F.2d 1105, 1109 (9th Cir. 1982) also held that "Courts must be extremely careful to guard against the danger that defendants will be convicted because they have previously committed a serious criminal offense rather than because the government has introduced evidence sufficient to prove . . . that they are guilty." The Ninth Circuit does not look upon such evidence with favor. See <u>United States v. Hodges</u>, 770 F.2d 1475, 1479 (9th Cir. 1985), "We have emphasized that extrinsic acts evidence is not looked upon with favor."

To establish the admissibility of other bad acts evidence, the Ninth Circuit has held that the District Court must find that it passes a four-part test. See <u>United States v. Montgomery</u>, 150 F. 3d 983 (9th Cir. 1998). "First, the evidence of other crimes must tend to prove a material issue in the case.  Second, the other crime must be similar to the offense charged. Third, proof of the other crime must be based on sufficient evidence.  Fourth, commission of the other crime must not be too remote in time." Moreover, the Ninth Circuit requires the government to "articulate precisely the evidential hypothesis by which a fact of consequence may be inferred from the other acts evidence." <u>United States v. Mayans</u>, 17 F.3d 1174, 1181 (9th Cir. 1994) (quoting <u>United States v. Mehrmanesh</u>, 689 F.2d 822, 830 (9th Cir. 1982).

Even if evidence of other crimes satisfies the four-part test of Rule 404(b), it also must satisfy the Rule 403 balancing test--its probative value must not be substantially outweighed by the danger of unfair prejudice. The Ninth Circuit has explained that the proper measure of unfair prejudice is: "The degree to which a jury responds negatively to some aspect of the evidence unrelated to its tendency to make a fact in issue more or less probable, e.g., that aspect of the evidence which makes conviction more likely because it provokes an emotional response in the jury or otherwise tends to affect adversely the jury's attitude toward the defendant wholly apart from its judgment as to his guilt or innocence of the crime charged." United States v. Johnson, 820 F.2d 1065, 1069 (9th Cir. 1987).

**B. The evidence of the "bad acts" which the Court permitted the government to introduce: defendant allegedly using "straw buyers" in <u>unrelated</u> transactions which were <u>not charged</u> in the Indictment, severely prejudiced defendant before the jury.**

This evidence provoked an emotional response in the jury and/or otherwise affected adversely the jury's attitude toward the defendant, wholly apart from the issue of whether defendant committed the acts charged in the Indictment. The jury was affected by evidence of defendant's alleged involvement with "straw buyers" which is wholly apart from the issues in the Indictment, to wit: bank fraud and wire fraud.

**C.    The Court permitted evidence of City of Oxnard Municipal Code Citations given to defendant <u>after</u> the date of the alleged offenses in this case.**

In this case, Defendant Venegas' right to due process protected by the U.S. Constitution has been abridged by the admission of evidence, over objection, of City of Oxnard Municipal Code citations. This type of "bad acts" and character evidence was unduly prejudicial and does not assist the trier of fact in determining

the Defendant's intent in early 2007, and whether defendant intended to commit fraud in early 2007 at the time of the transactions at issue.

"'Relevant Evidence' means evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." Federal Rules of Evidence §401.

The present case was with regard to the Government's assertion that Defendant engaged in fraudulent conduct when entering into loan applications for the purchase of homes, and that the defendant had the intent to defraud the lending institutions. At the issue of the case was whether the Defendant intended to defraud the lenders at the time that the loan applications were allegedly signed by defendant in early 2007 to purchase the properties.

This Court should not have admitted evidence of subsequent events. The City of Oxnard Municipal Code citations were given to defendant **after** the date of the alleged offenses in this case. That evidence was not relevant to the present case because those records concern a civil dispute between the City of Oxnard and Defendant Venegas that only "painted" a picture of defendant as a bad man.

To make matters worse, the Court admitted evidence that the Cedar home purchased by defendant lacked running water and had illegal electrical and toilet hook ups. This evidence did nothing more than show other wrongs or acts to prove his conformity with a character trait; that Defendant had the intent to defraud at the time of the transactions because he was an alleged "slumlord".

The jury was affected by the evidence of other "bad acts" and the cumulative effect of this "bad acts" evidence contributed the jury's guilty verdict. The "bad acts" evidence that the Court permitted did not address the issue of defendant's **intent** at the time of the loan applications and the purchase of the properties, and whether the Defendant intended to commit bank and wire fraud.

7

**DEFENDANT'S RULE 33 MOTION FOR NEW TRIAL;**
**MEMORANDUM OF POINTS AND AUTHORITIES.**

**D.  The City of Oxnard Municipal Code citations were prejudicial character evidence and other "bad acts" that require this Court to declare a mistrial.**

This Court should not have admitted "bad acts" and character evidence to show Defendant Venegas' action in conformity with the transactions, and charges, in question when it admitted evidence of City of Oxnard Municipal Code citations because that deprived the Defendant of a fair trial guaranteed by the U.S. Constitution. Federal Rule of Evidence Section 404(b) states that, "Evidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show action in conformity therewith."  Unfair prejudice is dependent on the extent that the testimony "makes conviction more likely because it provokes an emotional response in the jury or otherwise tends to affect adversely the jury's attitude toward the defendant wholly apart from its judgment as to his guilty or innocence of the crime charged." U.S. v. Paredes-Lio, 87 F.3d 1324 (9th Cir. 1996).  Citing Ramirez-Jiminez, 987 F.2d at 1327 (quoting US v. Bailleaux, 685 F.2d 1105, 1111 (9th Cir. 1982).

In this case, the Court allowed evidence to be admitted regarding the defendant's alleged municipal code citations in the City of Oxnard.  That evidence should not have been admitted and in the interests of justice a new trial is required. This evidence can be characterized as "slumlord" evidence of a bad man and worthy of a finding of guilt. In the interest of justice, this Court should grant a new trial because Defendant was denied the right to due process and a fair trial as guaranteed by the U.S. Constitution under the Fifth Amendment.

Defendant's rights were also denied because the inflammatory and irrelevant evidence regarding City of Oxnard Municipal Code citations was admitted which

**DEFENDANT'S RULE 33 MOTION FOR NEW TRIAL;
MEMORANDUM OF POINTS AND AUTHORITIES.**

have no bearing on whether the Defendant allegedly had the intent to commit bank and wire fraud **at the time** of the alleged transactions at issue.

**E.   The Court erred when it permitted the jury to hear the audiotape of the small claims civil court proceedings. This was additional evidence of defendant's character and other "bad acts" which prejudiced the defendant.**

During the trial the Court permitted the jury to hear the audiotape of the Small Claims court proceedings which this only served to "smear" the defendant with unnecessary character and "bad acts" evidence.

Moreover, the prejudicial evidence heard by the jury deprived Defendant of a fair trial when this evidence was admitted. Following Wade, supra, a defendant has a right to a fair trial and to due process during the trial. However, there was no due process because unduly prejudicial and irrelevant evidence regarding a small claims matter was admitted in the instant criminal case.

**F.   The Court erred when the Court did not permit counsel for defendant to ask questions of the government witnesses of e-mails that memorialized the phone calls of defendant to the government investigators, and the Court did not permit introduction into evidence of one of the e-mails.**

Several days after the initial interrogation of defendant by the government investigators, defendant called two of the government investigators to provide information to the government investigators. Both of the government investigators memorialized the phone calls of defendant in two e-mails. The Court did not permit defense counsel to ask questions to these two investigators concerning the e-mails. The Court did not permit introduction into evidence of one of the e-mails.

9

DEFENDANT'S RULE 33 MOTION FOR NEW TRIAL;
MEMORANDUM OF POINTS AND AUTHORITIES.

## CONCLUSION

For the reasons stated hereinabove, the conviction of Defendant Juan Banales should be set aside and a new trial should be ordered.

Respectfully submitted,

Dated: November 24, 2010                    LUIS A. CARRILLO

_____/s/_____
Attorney for Defendant
JUAN BANALES VENEGAS