LUIS A. CARRILLO, SBN 70398
THE LAW OFFICES OF LUIS A. CARRILLO
1525 Fair Oaks Avenue
South Pasadena, CA 91030
P: (626) 799-9375
F: (626) 799-9380

Attorneys for Defendant,
JUAN BANALES VENEGAS

# UNITED STATES DISTRICT COURT

## FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA<br>Plaintiff<br><br>vs<br><br>JUAN BANALES VENEGAS , <br>_____ | ) Case No. CR 10-600-R<br>)<br>)<br>) **Defendant Juan Banales Venegas**<br>) **Sentencing Position and**<br>) **Memorandum of Points and**<br>) **Authorities**<br>)<br>) |

Defendant Juan Banales Venegas, by and through his counsel, Luis A.

Carrillo hereby files his Position Re: Sentencing Factors and Sentencing

Memorandum for this Court's consideration at time of Sentencing.

Luis A. Carrillo, Esq. respectfully requests the opportunity to make additional

comments relevant to defendant's position prior to and at the time of Sentencing.

Dated: February 25, 2011               Respectfully Submitted,

                                       _____/s/_____
                                       Luis A. Carrillo
                                       Attorney for Defendant
                                       JUAN BANALES VENEGAS

## ARGUMENT

—

**A. *UNITED STATES v BOOKER* FACTORS:**

Following the Supreme Court's decision in *United States v. Booker*, 543 U.S. 220, 261-62 (2005), a District Court must consider not just the United States Sentencing Guidelines but the other sentencing goals listed at 18 U.S.C. section 3553(a). *Booker*, 543 U.S. at 259-60. *Booker* authorizes this Court to impose a sentence below the guideline range. Under *Booker*, the United States Sentencing Guidelines are merely "advisory" and sentencing courts are required to consider all of the factors listed in 18 U.S.C. section 3553(a) in imposing sentence. A mechanical application of the guidelines is no longer mandatory.

In *United States v. Booker*, 543 U.S. 220, 125 S. Ct. 738 (2005), the Supreme Court held that the District Courts, "while not bound to apply the Guidelines, must consult those Guidelines and take them into account when sentencing". Not only are the guidelines not mandatory, they are not presumptively reasonable. Nonetheless, this Court must begin with the Guidelines, and then consult the statutory sentencing factors to determine a fair sentence.

The overriding principle and basic mandate of section 3553(a) requires District Courts to impose a sentence "Sufficient, but not greater than necessary", to comply with the four purposes of sentencing set forth in 3553(a)(2) which are: retribution, deterrence, incapacitation, and rehabilitation.

Title 18 U.S.C. section 3553(a) states that the factors to be considered in imposing a sentence are the following:

(1) The nature and circumstances of the offense and the history and characteristics of the defendant; (2) the need for the sentence imposed (3) the kinds of sentence available; (4) the kinds of sentence and the sentencing range established; (5) any pertinent policy statement; (6) the need to avoid unwarranted sentence disparities among defendants with similar records; (7) the need to provide restitution.

Although the Court is no longer constrained by the language of the Guidelines in determining an appropriate sentence, even under the mandatory regime, this Court could sentence a defendant to less time than what was required under the Guidelines.

**B. COMMENTS REGARDING THE PRESENTENCE REPORT**

The Probation Officer in the Presentence Report calculates a total offense level of 23, Criminal History Category I. The defendant, through counsel, has no material objections to the guideline computation of the PSR. In light of the cases that include *United States v. Booker*, 543 U.S. 220 (2005), *Gall v. United States*, 552 U.S. 38 (2007), and their progeny, however, Defendant would ask the Court to assess this as a situation in which a non-guideline, non-incarceratory sentence,

consisting of a lengthy term of probation with financial restitution and other

appropriate conditions, would be more productive than prison.

## C.   THE COURT SHOULD IMPOSE THE SAME SENTENCE AS THE CO-DEFENDANTS TO AVOID AN UNWARRANTED DISPARITY IN PUNISHMENT:

The Author's Comments in "Factors to be considered under 18 U.S.C.

3562(a)" at page 1429 of the Federal Sentencing Law and Practice state: "Those

factors are the nature and circumstances of the offense and the history and

characteristics of the defendant; the purposes of sentencing; the kinds of sentences

available; the guideline range and the kinds of sentences authorized by the

guidelines; pertinent policy statements; avoiding unwarranted disparity in

punishment; and providing restitution to any victim of the offense".

Defendant Juan Banales Venegas has been in custody over eight (8) months.

Mr. Juan Banales Venegas has been held in custody longer than the co-defendants

combined custody credits.  Moreover, one of the jurors in the criminal trial wrote a

letter asking for leniency for Mr. Banales Venegas. In her own words she indicates

the following: "It upsets me that the little guy the puppet in this case spends the best

part of his life in jail while the master minds spend less." [Attached  hereto as

exhibit "A" is the letter from the juror.]

Co-Defendants Miriam Sukey Estrada, Adela Naranjo and Maria del Rocio

Partida received a sentence of time served and were all placed on Supervised

Release for a term of five years, including the following terms and conditions. The defendant shall comply with the rules and regulation of the US Probation Office and, shall during the period of community supervision pay the special assessment and restitution, shall perform two thousand hours of community service, shall report in person before the court every 120 days as directed by the probation officer, shall apply all monies received from income tax refunds, lottery winnings, inheritance, judgements and any anticipated or unexpected financial gains to the outstanding court-ordered financial obligation, shall cooperate in the collection of a DNA sample of the defendant.

## D. JUAN BANALES VENEGAS HISTORY AND CHARACTERISTICS

### a. Mr. Banales involvement with his family and his community:

Mr. Banales Venegas is a loving and caring 24 year old single male. Raised by a loving mother Maria Elena Banales and father, Juan Banales Magana. Mr. Banales father is very ill and frequently attends dialysis. Mr. Banales Venegas has cared for his father during his illness. Mr. Banales Venegas father needs his son in his life to continue caring for him. Mr. Banales Venegas has a close relationship with his parents. Up until his arrest Mr. Banales Venegas was living with his parents. Mr. Banales Venegas also has a sister, Mercedes Abarca , and a brother Umberto Hernandez. He has a close bond with his sister, Mercedes and his nephews

and nieces. [Attached hereto as exhibit "B" are the letters from Juan Banales family, friends, and a former teacher.]

**b. Educational efforts of Juan Manuel Banales Venegas:**

In 2005, Mr. Banales Venegas graduated from Pacifica High School in Oxnard, CA. Mr. Banales Venegas furthered his education after high school at Moorpark College. In addition to Moorpark College Mr. Banales Venegas attended Ventura College, Santa Rosa College and Oxnard College. Mr. Banales Venegas also attended a Certified Nursing Assistant program and he obtained his certificate at Professional Medical Career Institute. [Attached hereto as exhibit "C" are several certificates and diplomas that Juan Banales received in the past few years.]

**c. Employment of Juan Banales Venegas:**

Mr. Banales has worked several jobs since graduating high school in 2005. Mr. Banales Venegas was employed at a convalescent home in Thousand Oaks as a Certified Nursing Assistant. He also was a math tutor at Pacifica High School for about a year. Mr. Banales Venegas attempted to start his own business as a semi truck driver naming his business Venegas Trucking unfortunately the business was not a success. In addition Mr. Banales Venegas worked at Century 21 Premiere.

**CONCLUSION**

The sentencing statue requires the court to balance the needs of the

community; to acknowledge the seriousness of the crime; and to deter further criminal conduct from defendant. Therefore, Mr. Juan Banales Venegas respectfully requests the same "time served" sentence as that received by the co-defendants, so that there is no disparity in punishment, and there is uniformity in the sentencing of all defendants in this case.

For the reasons discussed herein, Mr. Banales Venegas respectfully asks this Court to impose a sentence of time-served, together with the allowable period of Supervised Release, and restitution.

Dated: February 54, 2011                    Respectfully submitted,

                                            _____/s/_____
                                            Luis A. Carrillo
                                            Attorney for Defendant
                                            JUAN BANALES VENEGAS