ANDRÉ BIROTTE JR.
United States Attorney
ROBERT E. DUGDALE
Assistant United States Attorney
Chief, Criminal Division
MARK AVEIS (Cal. Bar No. 107881)
EDWARD E. ALON (Cal. Bar No. 207287)
Assistant United States Attorneys
National Security Section
1300 United States Courthouse
312 North Spring Street
Los Angeles, California 90012
Telephone: (213) 894-4477/3825
Facsimile: (213) 894-7631
E-mail: mark.aveis@usdoj.gov
        edward.alon@usdoj.gov
Attorneys for Plaintiff
UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | CR No. 10-600-R |
| Plaintiff, | GOVERNMENT'S SENTENCING POSITION FOR DEFENDANT JUAN BANALES VENEGAS |
| v. | |
| JUAN BANALES VENEGAS, | Date: March 14, 2011 |
| Defendant. | Time: 1:30 p.m. |

I. PRESENTENCE REPORT AND SENTENCING RECOMMENDATION

The government concurs in the factual findings and advisory Sentencing Guidelines calculations in the Revised Presentence Report ("PSR") disclosed on February 7, 2011, with the exception of PSR ¶ 52 to which the government objects as noted below. The government recommends that defendant be sentenced to a term of 57 months imprisonment, followed by a five-year period of supervised release, a $300 special assessment, and restitution in the amount of $913,325 as specified in the PSR.

## II. SECTION 3553(a) ANALYSIS AND RESPONSE TO DEFENDANT'S SENTENCING ARGUMENT

18 U.S.C. § 3553(a) identifies several factors that the Court must consider in imposing a sentence, including the nature and circumstances of the offenses and the need for just punishment and to provide deterrence.

Here, the evidence at trial showed that defendant orchestrated a scheme to purchase real estate by soliciting well-known and admitted loan fraud expert Miriam Estrada to help him fraudulently qualify for one loan, then find other properties that defendant could similarly purchase with no money down and where the sellers would pay him kickbacks to buy the property, fully leveraged at full price. The evidence at trial further showed that defendant intended to purchase as many properties as there were sellers, followed by the corollary scheme that defendant would buy other properties through straw borrowers that defendant found and referred to Estrada for fraudulent loans. While telling Estrada that defendant would cover the numerous mortgages through rents collected from tenants, defendant instead collected rents but failed to use the rent for mortgage obligations; he simply kept the money to enrich and improve his lifestyle, no less while he let the tenant-occupied properties fall into disrepair as he committed one housing code violation after another. Each of the properties with which defendant was involved went into foreclosure shortly after close of escrow, and losses caused by defendant's false statements totaled more than $900,000. Defendant was hardly the novice he has claimed to be; he knew exactly what he needed to do to accomplish his fraudulent

goals, no less by telling lenders' underwriters that he was engaged in a business that was, in fact, nonexistent, that he earned substantial income therefrom, and that he spoke English.

Next, defendant's offense conduct was emblematic of the greed that culminated in the mortgage market meltdown. Simply put, the government believes that the Court must send a message that offense conduct like defendant's will be severely punished. Otherwise, future offenders will simply see such conduct as a license to engage in fraud with little or no consequence or risk, other than the loss of other people's money.

Next, defendant's request for a below-Guidelines sentence is simply unreasonable. The Sentencing Guidelines calculation in the PSR, to which defendant did not object,[1] yields an offense level of 23 with a criminal history category of I. Defendant's Guidelines range is 46-57 months. As the Supreme Court has recently held, " . . . a district court should begin all sentencing proceedings by correctly calculating the applicable Guidelines range. . . . As a matter of administration and to secure nationwide consistency, the Guidelines should be the starting point and the initial benchmark." Gall v. United States, 552 U.S. 38, 49 (2007). Accordingly, the Court is required to take into account the Guidelines in connection with determining a reasonable sentence.

As stated above, a sentence within the Guidelines, specifically a sentence of 57 months, is reasonable and fully

---

[1] "The defendant, through counsel, has no material objections to the guideline computation of the PSR." Defendant's Sentencing position, 3:21-22.

3

comports with the requirements of 18 U.S.C. § 3553(a) et seq. Defendant's arguments to the contrary are simply unreasonable. First, there is nothing in defendant's personal background that would indicate that he has any special needs, skills, or responsibilities beyond those of typical young adults. Next, defendant's work and employment history is sporadic, at best, as he was largely involved in real estate fraud for most of his early work years.[2]

Finally, defendant's argument that he should receive a non-custodial sentence due to alleged potential disparity with the sentences of his co-defendants is without merit. 18 U.S.C. § 3553(a)(6) requires that the Court shall consider "the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct . . . ." Section 3553(a)(6) " . . . concerns national disparities between defendants with similar criminal histories convicted of similar criminal conduct—not disparities between codefendants." United States v. Conatser, 514 F.3d 508, 521 (6th Cir. 2008). "Disparities between the sentences of coconspirators can exist for valid reasons, such as differences in criminal histories, the offenses of conviction, or one conspirator's decision to plead guilty and cooperate with the government." Id., at 522, citing United States v. Dexta, 470 F.3d 612, 616 n.1

---

[2] The government objects to PSR ¶ 52 as blatantly false. Defendant falsely reported to the Probation Officer that he was taken to the hospital after the police beat him up and used a Taser stun gun on him twice during his arrest for the instant offense. The government is prepared to call witnesses to rebut these false accusations at a continued sentencing hearing if necessary.

4

(6th Cir. 2006), <u>cert denied</u>, 127 S.Ct. 3066 (2007) (expressly noting as "reasonable" the sentencing disparity between cooperating and non-cooperating co-defendants). A defendant's failure to accept responsibility[3] and refusal to cooperate is a valid reason for the Court to impose a different sentence over that of another defendant convicted of the same conduct but who pleaded guilty and cooperated. <u>United States v. Stewart</u>, 628 F.3d 246, 260 (6th Cir. 2010). The Ninth Circuit is in agreement and has held that the disparity provision of Section 3553(a)(6) has been complied with where a sentencing court imposes different sentences between cooperators and non-cooperators. <u>See, e.g.</u>, <u>United States v. Carter</u>, 560 F.3d 1107, 1121 (9th Cir. 2009).

Applying the foregoing authority to the present case, this Court can and should impose a comparatively greater sentence on defendant Banales over that of each of his co-defendants. Defendant Banales chose to go to trial and was convicted of all counts against him. His co-defendants each chose to plead guilty early to one count of bank fraud; two agreed to cooperate and actually testified against defendant Banales at his trial. Unlike defendant Banales, each of defendant Banales's co-defendants accepted responsibility and none of them at any time claimed innocence, nor did any of them blame others for their misconduct. Furthermore, none of defendant Banales's co-defendants attempted to mislead the Court (or any trier of fact)

---

[3] A defendant who has chosen to go to trial and who suffers a greater sentence over a similarly situated co-defendant on account of it cannot later complain, as a violation of Section 3553(a)(6), that he was penalized for exercising his right to trial. <u>United States v. Sanchez Solis</u>, 882 F.2d 693, 699 (2nd Cir. 1989).

by claiming a language barrier[4] or by claiming that he or she was duped by his or her co-defendants into making the numerous false statements at issue in the case.[5]

///
///
///
///
///
///
///

---

[4] Defendant made his first appearance before Judge Rosenberg on June 17, 2010. He was represented by counsel. He was questioned extensively about whether he had read and received the indictment, whether he understood his rights, and whether he understood the terms and conditions of his pretrial release. The entire colloquy was in English. Defendant did not seek the services of an interpreter, nor did he once indicate that he did not understand the proceeding or the English language. The government has separately lodged with its sentencing position the recording of that hearing. The government further notes that defendant appears to operate at a far higher than average English language level as, at least according to his sentencing exhibits, he had a high grade point average in high school (in English), and received certificates for nursing vocational training, including courses in medical terminology and anatomy, in English. See Exhibit C to defendant's Sentencing Position, filed February 26, 2010, docket no. 176.

[5] The Court should ignore, as irrelevant and improper, the purported letter by a trial juror, attached as Exhibit A to defendant's Sentencing Position. The jury convicted defendant; the juror's post-conviction statement has no bearing on sentencing, as juries are simply not legally empowered to consider a defendant's sentence. Moreover, under Fed.R.Evid. Rule 606(b), a juror "may not testify as to any matter or statement occurring during the course of the jury's deliberations or to the effect of anything upon that or any other juror's mind or emotions as influencing the juror to assent to or dissent from the verdict . . . or concerning the juror's mental processes in connection therewith." Commonly and well-known by counsel as the prohibition against a jury impeaching its own verdict, defendant's counsel's flagrant violation of this rule serves no purpose.

Accordingly, applicable law and the facts of this case permit the Court to impose a sentence within the Guidelines range. The government recommends that the Court impose a sentence of 57 months imprisonment, followed by a five-year period of supervised release, a $300 special assessment, and restitution as provided in the PSR.

DATED: March 9, 2011              Respectfully submitted,

                                            ANDRÉ BIROTTE JR.
                                            United States Attorney
                                            ROBERT E. DUGDALE
                                            Assistant United States Attorney
                                            Chief, Criminal Division


                                                  /s/
                                            MARK AVEIS
                                            EDWARD E. ALON
                                            Assistant United States Attorneys
                                            Attorneys for Plaintiff
                                            UNITED STATES OF AMERICA

# CERTIFICATE OF SERVICE

I, **CAREY P. CRONIN**, declare:

That I am a citizen of the United States and resident or employed in Los Angeles County, California; that my business address is the Office of the United States Attorney, United States Courthouse, 312 North Spring Street, Los Angeles, California, 90012; that I am over the age of eighteen years, and am not a party to the above-entitled action;

That I am employed by the United States Attorney for the Central District of California who is a member of the Bar of the United States District Court for the Central District of

**GOVERNMENT'S SENTENCING POSITION FOR DEFENDANT JUAN BANALES VENEGAS**

[X] Placed in a closed envelope, for collection and interoffice delivery addressed as follows:

[X] Placed in a sealed envelope, for collection and mailing via United States Mail, addressed as follows:

[] By hand deliver addressed as follows:

[] By facsimile as follows:

[ ] By messenger as follows:

[] By federal express as follows:

**Luis A. Carrillo, Esq.**
**1525 Fair Oaks Avenue**
**South Pasadena, CA 91030**

**Coleen Ghaffari**
**United States Probation Officer**
**11827 Ventura Blvd.**
**Studio, City, CA 91604**

This Certificate is executed on **March 9, 2011** at Los Angeles, California

I certify under penalty of perjury that the foregoing is true and correct

_____
**CAREY P. CRONIN**