LUIS A. CARRILLO, SBN 70398
THE LAW OFFICES OF LUIS A. CARRILLO
1525 Fair Oaks Avenue
South Pasadena, CA 91030
P: (626) 799-9375
F: (626) 799-9380

Attorney for Defendant,
JUAN BANALES VENEGAS

## UNITED STATES DISTRICT COURT

## FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | Case No. CR 10-600-R |
| Plaintiff | ) | |
| | ) | **REPLY TO GOVERNMENT'S** |
| vs | ) | **SENTENCING POSITION FOR** |
| | ) | **DEFENDANT JUAN BANALES** |
| JUAN BANALES VENEGAS , | ) | **VENEGAS** |
| | ) | |
| | ) | |

_____

Defendant Juan Banales Venegas, by and through his counsel, Luis A.

Carrillo hereby files this Reply to the Government's sentencing memorandum.

Counsel for defendant, Luis A. Carrillo, respectfully requests the opportunity

to make additional comments relevant to defendant's position at the time of

sentencing.

Dated: March 11, 2011             Respectfully Submitted,


_____/s/_____
Luis A. Carrillo
Attorney for Defendant
JUAN BANALES VENEGAS

—

## ARGUMENT

**A. THE GOVERNMENT'S POSITION THAT DEFENDANT BE SENTENCED TO A TERM OF 57 MONTHS IS <u>CONTRARY</u> TO THE DECISION OF <u>*UNITED STATES v BOOKER*</u>:**

*United States v. Booker*, 543 U.S. 220, 261-62 (2005), authorizes this Court to impose a sentence below the guideline range. Under *Booker*, the United States Sentencing Guidelines are merely "advisory" and sentencing courts are required to consider all of the factors listed in 18 U.S.C. section 3553(a) in imposing sentence. A mechanical application of the guidelines is no longer mandatory. If the Court follows the Government's recommendation then the sentence for defendant will result in a totally unjust and unwarranted disparity in punishment.

**B. THE GOVERNMENT'S POSITION, IF FOLLOWED BY THE COURT, WILL UNDERMINE CONFIDENCE IN THE LAW:**

The Government's position that "the Court must send a message that offense conduct like defendant's will be severely punished" will result in public erosion and public confidence in the law. In the words of the Jury Foreperson, Juror number one: "I am appalled the other defendants in this matter are still practicing in the Real Estate Industry and received a sentence which is much less than Mr. Banales seems to be facing." (See attached Exhibit A). The Jury Foreperson wrote in her letter:

"We believed Mr. Banales is guilty of participating in fraudulent dealings with the banks because he allowed his information to be used to defraud. We did not believe, as the charges stated he transpired to defraud the bank. In my opinion, and I emphasize this is my opinion, this young man seemed to have been coached by persons much more savvy of the system who played upon his greed to lure him into committing this crime. Though I believe he is guilty of a crime, I do not believe he is by any means the "mastermind" of this scheme...I am appalled the other defendants in this matter are still practicing in the Real Estate Industry and received a sentence which is much less than Mr. Banales seems to be facing. I cannot be at the sentencing, however if I could be and would be allowed to speak, I would ask the Judge for leniency for this young man. His sentencing should include some type of restitution and requirement to take some type of rehabilitative classes. I certainly hope he is not given a stiffer sentence than the other defendants. He needs help, I am not sure he will come out of the penal system a better, more stable person."

//

//

//

//

**C. THE GOVERNMENT'S POSITION WOULD IN EFFECT, "PUNISH" DEFENDANT BANALES FOR EXERCISING HIS CONSTITUTIONAL RIGHT TO A JURY TRIAL.**

The Ninth Circuit stated in *United States v. Carter* 560 F. 3d 1107, 1121 (9th Cir. 2009), that: "It is settled that <u>so long as there is no indication that defendant has been retaliated against for exercising a constitutional right</u>, the government may encourage plea bargains by affording leniency to those who enter pleas." (Emphasis supplied). In this case, <u>the government agreed to time served</u> for one or two of the defendants, which was about two weeks in custody. However, <u>the Government insists on a 57 month sentence for defendant Banales</u>.  This raises the inference that the Government is retaliating against defendant Banales for exercising his constitutional right to a jury trial.

Defendant Juan Banales Venegas has been in custody over eight (8) months. Mr. Juan Banales Venegas has been held in custody longer than the co-defendants combined custody credits.

Co-Defendants Miriam Sukey Estrada, Adela Naranjo and Maria del Rocio Partida received <u>a sentence of time served</u> and were all placed on Supervised Release.

## CONCLUSION

Mr. Juan Banales Venegas respectfully requests the same "time served" sentence as that received by the co-defendants, so that there is no disparity in punishment, and there is uniformity in the sentencing of all defendants in this case.

Dated: March 11, 2011                    Respectfully submitted,


_____/s/_____
Luis A. Carrillo
Attorney for Defendant
JUAN BANALES VENEGAS